Chief Justice Marshall
delivered the opinion of the Court.
This case which commenced by warrant from a Justice of the Peace, presents the question whether Bash-ford, a resident citizen of this State, can be made liable as heir to his father on a simple contract debt of the father, by reason of the descent to him from his father, of lands in the State of Ohio, where he died, and where his widow and heirs, except the defendant, reside upon the land which remains still undivided. It does not appear that the defendant has derived any advantage from the land, or from the death of his father, except the mere title by descent, the heirs having agreed that the mother with her family should reside upon the land. The question then is whether this title by descent to lands in another State is to be regarded here as such assets in the hands of the heir or descended to him, as makes him liable here for the debts of his ancestor.
Heirs in Kentucky are not responsible for the debts of the ancestor on "the ground that land descended to them In Ohio— more especially for simple contract debts.
The descent ot an equity of redemption, or a vested remainder upon an unexpired free hold, did not, according to the common law, render the heir liable until it came into possession. The statutes of Kentucky render estates descended in possession,reversion or remainder, liable for the debts of the ancestor in the hands of the heir. But this applies only to lands lying in Kentucky.
Upon principle, we think this question should be answered in the negative, upon the ground, 1st, that the assets in Ohio cannot be reached here, and therefore do not seem to be the proper ground of a judgment which according to its terms, which indicate its real foundation and object, should be levied on the assets descended. And 2d, because we do not and cannot know without evidence, of which the record furnishes none, that this land would by the laws of Ohio, constitute assets for the payment of simple contracts of the- ancestor.
According to the common law, a title or interest which could not be subjected to the judgment by legal proceedings upon it, was not though descended assets which rendered the heir liable, as in the case of an equity of redemption. And even a vested remainder upon an unexpired freehold estate was not present assets because it could not be subjected until it became an estate in possession. Our laws have subjected both of these interests, and thus far differs from the common law of England. We have gone farther and subjected lands of the debtor to absolute sale for the payment of his debts of every description, and have made them liable to all of his debts in the hands of the heir, who by the common law was liable only for debts on record or by specialities in which he was named. But these laws are local. They do not and cannot make lands in another State subject to the debts of the deceased owner who died there, nor accessible to any process upon a judgment against the heir here. And it would seem therefore, that upon the principle on which the liability of the heir rests, such lands should not' be considered as assets rendering him liable here for the debt of his ancestor. The fact that we do not know that the land can be subjected to this or any debt of the ancestor, by the laws of Ohio, may not, of itself, be entitled to much weight. But there would seem to be an incongruity in subjecting the heir to a judgment here, on the ground of lands descended to- him in Ohio, if those lands could' *69 not be subjected to the same debt by the laws of that State. ' .
In the case of Payne &c, vs Logan’s Adm’r.: (4 Bibb, 402,) it was decided that a devise of lands lying out of the State, did not make the devisee Hablé as such to an action here. It was then expressly said, that such lands would not be assets in the hands of the heir, for which 1 Com. Dig. 563, is referred to. And although that question was not before the Court for decision, the principle just stated is made the ground of concluding that the devisee was not liable, because the liability of the heir and devisee, is co-extensive. The Court further say, as a ground of the decision, that “it would be absurd to suppose that the Legislature of this State intended to make lands lying out of the State liable for the payment of debts,” for they have no authority to do so. We consider the case and the reasoning of the Court as applicable to the present case. And we think the reference to Comyn’s Digest and the cases there cited, do, notwithstanding the comments which have been made upon them in argument, sustain the principle that as between independent' States assets in one country are not to be deemed assets in another, so as to make the heir, or executor liable in the latter country.
The case of Calloway’s heirs vs Mason’s heirs MS. opinion, 1845, though upon the facts it seems to violate this principle, appears to have been decided without any reference to it either by the Court or the counsel. The question was not made, and there is no evidence that it presented itself to the minds of the Court in considering and deciding the case. ’ The decision cannot, therefore, be regarded as entitled to much weight, and especially as it was a proceeding in chancery upon a case presenting strong grounds for relief against a judgment which the non-resident heirs had obtained in this State, as heirs of their mother, and in violation of the warranty of their father which descended upon them according to the principles of the common law. And although the decree gave relief by subjecting to *70 sale the landjrecovered by the heirs on their mother’s title, it operated in effect and was doubtless so intended, merely to defeat the effect of their judgment which might have been enjoined.
Burton for plaintiff; Burdett for ¡defendant.
We are of opinion therefore, that the defendant in this case was not liable to the demand by reason of the lands descended to him in Ohio. And the judgment is affirmed.